IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTINEZ, | CASE NO. 3:22-cv-02227-SL |
| Petitioner, | DISTRICT JUDGE SARA LIOI |
| vs. | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| WARDEN TOM WATSON, | |
| Respondent. | **REPORT & RECOMMENDATION** |

Petitioner Nicholas Martinez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Martinez is currently in custody at the Warren Correctional Institution serving an aggregate 29-year sentence imposed by the Lucas County Court of Common Pleas in State v. Martinez, Case Nos. CR2017-1090, CR2017-1268. *See* Doc. 8-1, at 26. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court grant Respondent's motion, Doc. 8, and dismiss Martinez's petition.

**Summary of underlying facts**

In habeas corpus proceedings brought under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

According to the Ohio Court of Appeals for the Eighth Appellate District:

> {¶ 3} On December 8, 2016, January 3 and 5, 2017, five robberies occurred in the same general area of Toledo, Ohio. Various restaurants and a carryout were robbed by one perpetrator, who brandished a gun in all of the crimes, and in one case fired the gun into the ceiling. After the last robbery, appellant was arrested.
>
> {¶ 4} On January 13, 2017, appellant was indicted in case No. CR0201701090, on four counts of aggravated robbery with firearm specifications, all felonies of the first degree. Appellant pled not guilty to the charges.
>
> {¶ 5} On February 8, 2017, appellant was indicted in case No. CR0201701268, on four counts of aggravated robbery with firearm specifications, felonies of the first degree. Appellant pled not guilty to these charges.
>
> {¶ 6} On August 9, 2017, appellant entered a guilty plea in case No. CR0201701090, to four counts of aggravated robbery with three firearm specifications, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Appellant also entered an *Alford* plea in case No. CR0201701268, to one count of aggravated robbery.
>
> {¶ 7} On August 30, 2017, a sentencing hearing was held. Appellant was sentenced for the four counts of aggravated robbery in case No. CR0201701090, to three years in prison on Count 1, four years on Count 2, four years on Count 3 and five years on Count 4. These sentences were ordered to be served consecutively, for 16 years. In addition, the court ordered appellant to serve three separate three-year mandatory, consecutive sentences on the firearm specifications, for nine years. Thus, appellant was sentenced to a total of 25 years in prison in case No. CR0201701090.

> {¶ 8} Also on August 30, 2017, appellant was sentenced in case No. CR0201701268, on one count of aggravated robbery, to four years in prison which was ordered to be served consecutively to the sentence in case No. CR0201701090. Therefore, appellant's total sentence for both cases was 29 years in prison.
>
> {¶ 9} At the state's request, a nolle prosequi was entered in case No. CR0201701090, for the gun specification in Count 2, and in case No. CR0201701268, a nolle prosequi was entered for the gun specification in Count 1, and Counts 2, 3 and 4 were nolled in their entirety.

*State v. Martinez*, 2019-Ohio-305, 2019 WL 413732, at *1 (Ohio Ct. App. 2019).

**Procedural history**

*Trial court proceedings and direct appeal*

In early 2017, two Lucas County grand juries returned indictments against Martinez under case numbers CR17-1090 and CR17-1268. Doc. 8-1, at 5–14. Both indictments alleged four counts of aggravated robbery under Ohio Revised Code § 2911.01 (A)(1) and (C). *Id.* at 5–14. The grand juries attached firearm specifications to all counts. *Id.* at 5–14.

After initially pleading not guilty, Martinez withdrew his not guilty plea and entered a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970)[1] to all charges and specifications in case number CR17-1090. Doc. 8-1, at 17–20. (Exhibit 5, Plea of Guilty Case No. 17-1090). In case number CR17-1268,

---

[1] "[A]n '*Alford* plea' refers to a defendant who plead[s] guilty but maintain[s] that he is innocent." *United States v. Tunning*, 69 F.3d 107, 110 (6th Cir. 1995).

3

Martinez entered an *Alford* plea to the aggravated robbery charged in count one but not to the attached firearm specification. *Id.* at 21–22 .

In August 2017, the trial court accepted Martinez's pleas and found him guilty in accord with them. Doc. 8-1, at 23–24. On August 30, 2017, the trial court entered judgment in both cases and sentenced Martinez to an aggregate sentence of 29 years' imprisonment. *Id.* at 25–30.

Later in 2017, Martinez filed in the Sixth District Court of Appeals a pro se motion for delayed appeal and a notice of appeal in both cases. Doc. 8-1, at 31–36. The court of appeals granted the motion as to case CR17-1268 but, given that Martinez had only filed one notice and his cases were not consolidated, denied the motion as to CR17-1090. *Id.* at 47–50. Martinez then filed a separate notice of appeal and motion for delayed appeal as to CR17-1090. *Id.* at 53–58. The court of appeals granted the motion, *id.* at 59–61, and consolidated Martinez's appeals, *id.* at 62.

In his appellate brief, Martinez argued that the trial court erred by imposing consecutive sentences. *Id.* at 67–81. In February 2019, the court of appeals affirmed in part and reversed in part to allow the trial court to "issue 'a nunc pro tunc entry incorporating findings [that it] stated on the record.'"[2] *Id.* at 126.

---

[2] The trial court complied with the court of appeals' mandate. Doc. 8-1, at 266–70.

Martinez filed a pro se notice of appeal with the Ohio Supreme Court in March 2019. Doc. 8-1, at 105–06. In his memorandum in support of jurisdiction, Martinez again argued that the trial court erred by imposing consecutive sentences. *Id.* at 107–18. On May 1, 2019, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 128. Martinez did not seek review in the United States Supreme Court.

*Petition for post-conviction relief*

On June 14, 2019, Martinez filed in the trial court a "motion to vacate conviction(s) and sentence(s)." Doc. 8-1, at 129–38. The trial court denied the motion on May 12, 2021. *Id.* at 158–61. The court first determined that despite the motion's caption, it was properly construed as a motion for post-conviction relief. *Id.* at 159. And as a motion for post-conviction relief, it was untimely because it was filed more than 365 days after Martinez's trial transcript was filed in the court of appeals in his direct appeal. *Id.* at 159; *see* Ohio Rev. Code § 2953.21(A)(2)(a). Further, Martinez had not claimed that his petition fell within the terms of a statutory exception that might have excused its untimeliness. Doc. 8-1, at 159–60; *see* Ohio Rev. Code § 2953.23(A)(1)(a), (b). Specifically, Martinez had neither shown "that he 'was unavoidably prevented from discovery of the facts upon which [Defendant] must rely to present the claim for relief,' nor" sought to rely on "a new right … recognized by the United States Supreme Court which applies retroactively to" someone in his situation. Doc. 8-1, at 160; *see* Ohio Rev. Code § 2953.23(A)(1)(a). As a result, the court

could not consider the motion, which it consequently denied. Doc. 8-1, at 160–61.

Martinez appealed to the Sixth District Court of Appeals for Lucas County, Doc. 8-1, at 162, and argued that the trial court (1) erred under Ohio precedent when it recast the motion to vacate his convictions and sentences as a post-conviction petition; (2) abused its discretion under Ohio precedent when it failed to correct the conviction and sentences; and (3) erred when it found that his robbery conviction—he didn't specify which one—was not void, *id*. at 168–78.

The court of appeals affirmed on February 11, 2022. Doc. 8-1, at 208–20. The court held that under Ohio Supreme Court precedent, "it is well-established that '[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.'" Doc. 8-1, at 215 (quoting *State v. Parker*, 137 N.E.3d 1151, 1155 (Ohio 2019)). Applying that precedent and Ohio Rev. Code § 2953.21, the court held that the trial court correctly determined that Martinez's motion should be construed as a petition for post-conviction relief. *Id*. at 215–16.

Additionally, Martinez filed his petition more than 365 days after his trial court transcripts were filed in the court of appeals. *Id*. at 217. By statute, this fact meant that his petition was untimely. *Id*. Further, Martinez had not argued that he fell within the terms of the exceptions for untimely petitions. *Id*. at 218. Finally, even if the petition were timely, review of it would be barred

6

by Ohio's res judicata rule, which precludes review of issues that could have been raised on direct review. *Id.* at 218–19. Given the court's "resolution of Martinez's first and second" issues, the court of appeals rejected his third issue as moot. *Id.* at 219.

Martinez filed a notice of appeal and jurisdictional memorandum with the Ohio Supreme Court. Doc. 8-1, at 221–34. Martinez argued that the court of appeals abused its discretion (1) by disregarding Ohio law and precedent when it affirmed the trial court's decision to recast his motion, and (2) when it determined that review of his claims was barred under Ohio precedent by res judicata. *Id.* at 224–34. On May 24, 2022, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 265.

*Federal habeas proceedings*

Martinez filed his pro se petition for writ of habeas corpus on December 9, 2022. Doc. 1. He raises two grounds for relief:

> *Ground one*: Petitioner was denied due process when the court found that petitioner's claims of an invalid plea were barred by res judicata.
>
> *Supporting Facts*: The judgment entry in case no. CR17-1090 indicates that petitioner entered a plea of guilty to lesser offenses. The judgment entered on case no. CR17-1268 does not contain lesser-offense language.
>
> *Ground two*: Petitioner was denied due process rights under the Fifth and Fourteenth Amendment when the Appellate Court disregarded the applicable rule of law.

7

> *Supporting Facts*: The trial court recast Petitioner's motion erroneously in order to circumvent the rule of law and deny petitioner the required relief.

Doc. 1, at 5, 7.

Respondent moved to dismiss in April 2023. Doc. 8. By way of a non-document order, I granted Martinez additional time to respond and warned him that if he "fail[ed] to file an opposition, the Court [could] decide [the] petition based solely on the … current filings and the exhibits." Martinez did not file an opposition.

## Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, § 104, 110 Stat. 1214 ("AEDPA" or the 1996 Act), habeas petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).

8

But when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id*.

*Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts") (citation omitted)). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845–48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). And a habeas petitioner must present both the factual and legal underpinnings of the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the "petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

*Procedural default*

Procedural default may occur in two ways. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a petitioner procedurally defaults a claim

9

by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id*. In *Maupin v. Smith*, the Sixth Circuit directed courts to consider four factors when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is satisfied because there are

no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), a petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and establish that actual prejudice resulted from the alleged violation of federal law, or show that a fundamental miscarriage of justice will result if the petitioner's claims are not considered. *Coleman*, 501 U.S. at 750.

## DISCUSSION

*Martinez's petition is time-barred and his claims are unexhausted*

The 1996 Act provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The Act also provides that:

>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

For our purposes, none of subparagraphs (B), (C), or (D) are implicated in this proceeding.[3] So I'll start where Martinez starts, with subparagraph (A). Doc. 1-1, at 2. Subparagraph (A) of Section 2244(d)(1) asks when Martinez's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As used in Section 2244(d)(1)(A), the term direct review "encompass[es] review of a state conviction by [the United States Supreme] Court." *See Clay v. United States*, 537 U.S. 522, 528 n.3 (2003). A conviction is thus final after the expiration of the 90-day window for seeking review with the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006).

---

[3] Martinez might have argued that subparagraph (D) is implicated; the basis for Martinez's claims did not arise until February 11, 2022, when the Ohio appellate court affirmed the trial court's decision denying Martinez's petition for post-conviction relief. But "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). And Martinez does not, in any event, rely on subparagraph (D).

The Ohio Supreme Court declined to accept jurisdiction on May 1, 2019. Doc. 8-1, at 128. Ninety days after that date was July 30, 2019. So the statute of limitations began to run the next day and Martinez had until July 31, 2020, to file his habeas petition. But he didn't file it until December 9, 2022. As result, unless another provision or rule of law would render Martinez's petition timely, the Court should dismiss Martinez's petition.

Martinez anticipates this possibility and asserts that Section 2244(d)(2) applies because his petition for post-conviction relief was a "properly filed application for State post-conviction or other collateral review," which tolled the time for him to file his habeas petition. Doc. 1-1, at 2. As noted, on direct review, the Ohio Supreme Court declined to accept jurisdiction on May 1, 2019. Doc. 8-1, at 128. And Martinez filed what the trial court determined was a petition for post-conviction relief on June 14, 2019. Doc. 8-1, at 129–38.

To toll the running of the statute of limitations, however, a post-conviction motion must be properly filed. 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 550–51 (2011). A post-conviction application is not properly filed unless "'its delivery and acceptance [follow] the applicable laws and rules governing filings'—including any state-imposed time limits." *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018). Under this "understanding, a [post-conviction] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed

13

after a time limit that permits no exception." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

The trial court rejected Martinez's petition because it was untimely. Doc. 8-1, at 160. That court also held that Martinez failed to carry his burden to show that a statutory exception to the filing deadline applied; he had neither shown "that he was unavoidably delayed from obtaining evidence," nor that a newly recognized right applied. Doc. 8-1, at 160. In other words, Martinez's petition "did not meet Ohio's rules governing" petitions for post-trial relief. *Davis*, 900 F.3d at 324. As result, Martinez's petition for post-trial relief was not properly filed. *See id.*; *see also Allen v. Siebert*, 552 U.S. 3, 5–7 (2007). Martinez's petition, therefore, did not toll the statute of limitations. *See Allen*, 552 U.S. at 7 ("'When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).'") (citation omitted). It should thus be dismissed.

But even putting aside the statute of limitations, Martinez cannot prevail. Martinez's grounds for relief focus exclusively on his petition for post-conviction relief and the trial and appellate court's review of the petition. *See* Doc. 1, at 5, 7. The Sixth Circuit, however, "has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) and *Kirby v. Dutton*, 794 F.2d 245, 246–47 (6th Cir. 1986)); *see Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832,

854 (6th Cir. 2017). The Court has explained that challenges to "state collateral post-conviction proceedings 'cannot be brought under … 28 U.S.C. § 2254,' because 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Cress*, 484 F.3d at 853 (quoting *Kirby*, 794 F.2d at 246, in turn quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). And a successful challenge to state collateral post-conviction proceedings "would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Id.* (quoting *Kirby*, 794 F.2d at 247). Martinez's challenges to the denial of his petition for post-conviction relief are thus not cognizable. *See Garcia v. Warden, Chillicothe Corr. Inst.*, No. 1:10-cv-525, 2011 WL 1980192, at *11 (S.D. Ohio Apr. 8, 2011), *report and recommendation adopted*, 2011 WL 1979689 (S.D. Ohio May 20, 2011).

Martinez also failed to exhaust his grounds for relief. He did not present his first ground to the Ohio Supreme Court "as a federal constitutional issue."[4] *Koontz*, 731 F.2d at 368. Instead, he argued that the court of appeals abused its discretion when it determined that review of his claims was barred under Ohio precedent by res judicata. Doc. 8-1, at 233–34. Martinez did not (1) rely on "federal cases employing constitutional analysis"; (2) rely on "state cases

---

[4] Martinez's first ground—the res judicata issue—was the second proposition of law that he presented to the Ohio Supreme Court. Doc. 8-1, at 233–34.

15

employing federal constitutional analysis"; (3) "phras[e] [his] claim[s] in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right"; or (4) "alleg[e] facts well within the mainstream of constitutional law." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). And his failure to do any of these things means that didn't preserve his first ground. *See id.*

As to Martinez's second ground—that Ohio's courts violated his due process rights by recasting his motion—to the extent that he raised it at all, Martinez presented this issue to the Ohio Supreme Court as a pure state-law issue. *See* Doc. 8-1, at 231–32. So he failed to exhaust this ground, as well. *See Koontz*, 731 F.2d at 368.

And Martinez's attempt in his second ground to "cloak[] [his] abuse of discretion argument in constitutional garb," *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001), is not enough to turn a state-law issue into a constitutional question. Moreover, this Court does not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("federal courts defer to the state courts' interpretation of state filing requirements"). Rather, this Court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68. So this Court cannot, in any event, review the

16

state-law question of whether the trial court correctly applied Ohio law when it construed Martinez's motion as a petition for post-conviction relief.

## Conclusion

For the above reasons, I recommend that the Court grant Respondent's motion, Doc. 8, and dismiss Martinez's petition.

Dated: July 24, 2023

                                            */s/ James E. Grimes Jr.*
                                            James E. Grimes Jr.
                                            U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).